Filed 11/16/23  P. v. Gress CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C097935 |
| Plaintiff and Respondent, | (Super. Ct. No. 2022CR0088920) |
| v. | |
| BRANDON MICHAEL GRESS, | |
| Defendant and Appellant. | |

In April 2022, defendant Brandon Michael Gress's ex-wife called police because defendant was on her property without permission.  A responding sheriff's deputy found defendant in the backyard trying to flee by climbing over the fence.  Defendant initially ignored the deputy's repeated requests to come toward the deputy, but he eventually complied.  During the encounter, two other deputies arrived, and defendant scuffled with the group.  Defendant kicked one of the deputies.  One of the deputies eventually was able to maneuver defendant down to the ground.  In so doing, the deputy suffered a

1

sprained ankle that required medical treatment. Defendant eventually complied and was arrested.

In October 2022, a jury found defendant guilty of one count of felony resisting a peace officer by use of force or violence. The jury also found defendant guilty of two counts of misdemeanor resisting a peace officer and misdemeanor assault. Defendant admitted he had a prior strike.

During the January 2023 sentencing hearing, the trial court denied defendant's motion to strike the prior strike pursuant to *Romero*.[1] The trial court sentenced defendant to prison for an aggregate sentence of four years for the felony with one-year sentences for the two misdemeanors running concurrently. The court also imposed a $600 restitution fine, a corresponding $600 parole revocation fine (suspended unless parole is revoked), a $120 court operations fee, and a $90 criminal conviction assessment fee. The abstract of judgment reflects a two-year prison sentence on the felony conviction and states that defendant has been sentenced pursuant to Penal Code section 667, subdivisions (b)-(i) or section 1170.12. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

In our review of the record, we noted that despite the trial court sentencing defendant to four years on the felony count (two years doubled due to the strike), the abstract of judgment states defendant was sentenced to two years in prison, pursuant to Penal Code section 667, subdivisions (b)-(i) or section 1170.12. It has long been held that the oral pronouncement of judgment controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will order the court to issue a corrected abstract of judgment.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
ROBIE, J.

We concur:

/s/
EARL, P. J.

/s/
BOULWARE EURIE, J.